UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORENZO HARRISON,
    Plaintiff,

vs

WILLIAM GREGG, et al.,
    Defendants.

Case No. 1:12-cv-005

Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are

delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against Lebanon Correctional Institution staff members William Gregg, Thomas Koontz, John Buckhalter, and John-Jane Doe; the Lebanon Correctional Institution (LeCI); and the Ohio Department of Rehabilitation and Corrections (ODRC). (Complaint, p. 4). Plaintiff alleges that on June 12, 2011, defendant William Gregg entered his cell, sprayed him with mace, and physically assaulted him until other staff members arrived. *Id.* at 5. He further alleges that after being handcuffed and escorted to the infirmary, that he was "forced face-down on the exam table inside a closed exam room and physically assaulted some more by an unseen group of Lebanon Correctional Institution staff members." *Id.* According to plaintiff, in the conduct report relating to the incident defendant Gregg "falsified the conduct report with a bogus story that I kicked him in the stomach." *Id.*

Plaintiff appeared before the LeCI Rules Infraction Board (RIB) on June 24, 2011, where plaintiff alleges that defendants John Buckhalter and Thomas Koontz made "the deliberate and conscious decision to ignore all the evidence that was presented, including the video footage, witnesses and a pillow case covered with mace, and chose to take-up for their co-worker, which is an unwritten policy at Lebanon Correctional Institution." *Id.* According to plaintiff, the RIB entered a guilty verdict after finding that plaintiff had assaulted defendant

3

Gregg, ordered plaintiff to serve fifteen days in disciplinary control and recommended that he be placed in local control thereafter. *Id.* Plaintiff alleges that after spending several months in local control, defendant John-Jane Doe recommended him for "a security level increase and placement in a level 4 institution," which was allegedly approved by defendants LeCI and ODRC without question. *Id.* Plaintiff asserts that LeCI and ODRC failed to properly investigate, failed to protect, provided inappropriate supervision and unjustifiably punished him for something he did not do, despite his numerous informal complaints, grievances and appeals. *Id.*

Plaintiff's complaint, liberally construed, alleges sufficient facts to state a claim for relief against defendant Gregg for an excessive use of force. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Plaintiff's Eighth Amendment claim against defendant Gregg is deserving of further development and may proceed.

However, plaintiff's complaint fails to state a claim for relief for a denial of due process relating to the RIB proceeding. Plaintiff fails to allege facts showing that defendant Buckhalter, Koontz, or John-Jane Doe's actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his RIB proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 F. App'x. 443, 444 (6th Cir. 2001)

(thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim against these defendants.

Plaintiff's complaint also fails to state a claim for relief under § 1983 against defendants LeCI or ODRC. First, neither defendant is a person under § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Davis v. Belmont Correctional Institution*, No. 2:05-cv-1032, 2006 WL 840387, at *3 (S.D. Ohio Mar. 30, 2006) (citing *Rhodes v. McDannel,* 145 F.2d 117, 120 (6th Cir. 1991) (sheriff's department not a "person" under § 1983); *Parker v. Michigan Dept. of*

5

*Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same); *Mitchell v. Chester County Farm Prisons*, 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same). *See also Dauban v. Marquette County Jail*, No. 2:06-cv-65, 2006 WL 2700747, at *3 (W.D. Mich. Sept. 18, 2006) (and cases cited therein).

To the extent that plaintiff bases his claim against LeCI or ODRC on defendants' failure to investigate, plaintiff has failed to state a claim for relief under § 1983 because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Plaintiff's claim that LeCI and ODRC provided "inappropriate supervision" also does not a state a claim because the doctrine of *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 693-95 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992).

Finally, plaintiff's complaint fails to state a claim for relief for deliberate indifference to safety under the Eighth Amendment. To state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack, plaintiff must allege facts showing

that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Vaughn v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988) (finding that a prison administrator's indifference to brutal behavior of guards towards inmates is sufficient to state an Eight Amendment claim), *overruled on other grounds by Koch v. Ricketts*, 68 F.3d 1191 (9th Cir. 1995). A prison official may be held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff's complaint fails to allege any facts showing that defendants LeCI, ODRC, or any other staff member was aware that defendant Gregg posed a threat to plaintiff's safety, yet failed to take reasonable actions to prevent the assault. In the absence of such allegations, the complaint fails to state a claim for relief under the Eighth Amendment.

Accordingly, in sum, plaintiff's claims against defendants Thomas Koontz, John Buckhalter, John-Jane Doe, LeCI, and ODRC should be dismissed. Having found that plaintiff has alleged sufficient facts to state a claim for excessive force against defendant Gregg, plaintiff's Eighth Amendment claim against defendant Gregg is deserving of further development and may proceed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Thomas Koontz, John Buckhalter, John-Jane Doe, Lebanon Correctional Institution, and Ohio Department of Rehabilitation and Corrections be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendant William Gregg as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 1/31/2012

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LORENZO HARRISON,  
    Plaintiff,

vs

WILLIAM GREGG, et al.,  
    Defendants.

Case No. 1:12-cv-005

Barrett, J.  
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).