UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lorenzo Harrison,

    Plaintiff,

    v.

William Gregg, et al.,

    Defendant.

Case No.: 1:12-cv-05

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on two Report and Recommendations ("R&R"). The first R&R was entered on January 31, 2012 (Doc. 4) and recommends that Petitioner's Eighth Amendment claim against Defendant William Gregg deserves further development, but recommends dismissal of the claims against Thomas Koontz, John Buckhalter, "John-Jane Doe," the Lebanon Correctional Institution ("LeCI"), and Ohio Department of Rehabilitation and Corrections ("ODRC"). The second R&R was entered on March 15, 2012 following Plaintiff's filing of an Amended Complaint. (Doc. 13). The March 15th R&R again recommends that the claim against Gregg should proceed. The Magistrate Judge also recommends that the claim against a newly named defendant, Officer J. Murray #437 should proceed. Finally, the March 15th R&R recommends that Plaintiff's Amended Complaint against Defendants Koontz, Buckhalter, Dora Yalange, Lora Satterthwaite, Timothy Brunsman, and Gary Mohr be dismissed.[1]

The parties were given proper notice under Rule 72(b) of the Federal Rules of

---

[1] Plaintiff did not name LeCI or ODRC in the Amended Complaint. Instead, Plaintiff named Timothy P. Brunsman, Warden of LECI, and Gary C. Mohr, Director of the ODRC. (See Doc. 9, at 4.)

1

Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff filed Objections to both R&Rs. (Docs. 9, 15.) For the reasons stated below, the Court OVERRULES Petitioner's Objections, and both R&Rs are ADOPTED in their entirety.

**I.     Background**

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, is proceeding *pro se* in this matter. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. (Doc. 1.) Plaintiff's Complaint and Amended Complaint were before the Magistrate Judge upon a *sua sponte* review. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff alleges constitutional violations under 42 U.S.C. §1983 based on events which occurred when he was housed at LeCI.

Plaintiff alleges the following facts in his Amended Complaint. On June 12, 2011, Gregg entered Plaintiff's cell, sprayed him with mace, and physically assaulted him until other staff members arrived. Officer Murray witnessed Gregg's assault on Plaintiff, but did not intervene or protect Plaintiff. Plaintiff was then put in handcuffs and taken to the infirmary, where he was forced face down on an exam table and was assaulted by additional unidentified staff members.

Plaintiff claims Gregg falsified an incident report, which caused Plaintiff to appear before the LeCI Rules Infraction Board (RIB) on June 24, 2011. The RIB found that Plaintiff had assaulted Gregg. Plaintiff claims that the members of the RIB, including

---

[2] Notice was attached to the Report regarding objections. (Doc. 4, 9; Doc.14.)

2

Defendants Buckhalter and Koontz, ignored all the evidence presented. Plaintiff was placed in disciplinary control for fifteen days, and then local control for several months.

Plaintiff alleges Satterthwaite filed for a security level increase for Plaintiff, which Brunsman and Mohr approved without question.

Finally, Plaintiff alleges that Brunsman and Mohr "failed to ensure that proper procedure, rules and policies were followed by their staff members;" and "failed to have any safe-guards in place to prevent misuse and abuse of disciplinary procedures by their staff members."

Plaintiff's claims in his original complaint were: (1) an Eighth Amendment claim against Gregg for excessive use of force; (2) denial of due process against Buckhalter, Koontz, and John-Jane Doe based on the fifteen days in disciplinary control and the security level increase; (3) denial of proper investigation, protection, and supervision against LeCI and ODRC; and (4) an Eighth Amendment claim against prison officials due to deliberate indifference.

In the Amended Complaint, the Plaintiff identified several of the unnamed defendants, adapts several claims brought in original complaint, and adds a claim against Correctional Officer J. Murray #473 alleging deliberate indifference for safety violating Plaintiff's constitutional right under 42 U.S.C. §1983. (Doc. 15.)

## II. Analysis

### A. Standards of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32.

Congress has also authorized the *sua sponte* dismissal of *in forma pauperis* complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). To satisfy this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)); *see Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (stating that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded

4

factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions," or, "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]," devoid of "further factual enhancement." *Id.* at 557.

1. **Due Process**

Plaintiff's due process claim is based on his allegation that Koontz, Buckhalter, and John-Jane Doe (identified as Satterthwaite in the Amended Complaint) punished him for something they knew he did not do, which lead him to be transferred to a Level 4 Security Prison. Plaintiff claims that the transfer altered his terms of imprisonment and imposed restraints, which extremely isolated him, prohibited him from almost all human contact for an indefinite duration of time, and disqualified him from parole consideration.

Imprisonment necessarily "carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). In general, prisoners' liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

An increase in security level classification, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997); *Harbin–Bey v. Rutter,* 420 F.3d 571 (6th Cir. 2005). Therefore, Plaintiff's transfer to a Level 4 Security Prison does not constitute a violation of his due process rights.

Similarly, this Court has found that a prisoner's "15 day placement in disciplinary segregation, nor his subsequent placement in local control constitutes an 'atypical, or significant deprivation in which a state might conceivably create a liberty interest.'" *Ingram v. Collins,* 2006 WL 3591922, *4 (S.D.Ohio Dec. 11, 2006) (quoting Sandin, 515 U.S. at 486). Therefore, Plaintiff's being placed in disciplinary control does not constitute a violation of his due process rights.

Plaintiff also claims that Koontz, Buckhalter and Yalange relied on a falsified misconduct report at the RIB hearing. As this Court has recently reiterated, "[a] false prison misconduct report does not violate due process when followed by fair post-deprivation proceedings." *Crosky v. Ohio Dept. of Rehab. and Corr.*, 2012 WL 748408, *9 (S.D.Ohio Mar. 8, 2012) (quoting Munson v. Burson, 2000 WL 377038, at *4 (6th Cir. 2000) ("Because [the prisoner] was provided a due process hearing for each charge of misconduct, his constitutional rights were not violated and he may not maintain a Section 1983 claim for the alleged false misconduct reports."). Therefore, Plaintiff's claim that Defendants relied on a falsified misconduct report at the RIB does not constitute a violation of his due process rights.

### 2. Fifth Amendment

Plaintiff argues that John-Jane Doe (identified as Satterthwaite in the Amended Complaint) violated Plaintiff's Fifth Amendment protection against double jeopardy by recommending Plaintiff for a higher security level after the RIB ordered Plaintiff to disciplinary control. Plaintiff argues he was punished twice for the same alleged conduct.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend, 5. The Double Jeopardy Clause prohibits multiple criminal punishments for the same offense that result from successive proceedings. *Hudson v. U.S.*, 552 U.S. 93, 99 (1997). However, the Sixth Circuit has explained that "[t]he Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct." *U.S. v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008); *see also Argue v. Berghuis*, 2006 WL 250696, *6 (W.D.Mich. Feb. 1, 2006) (explaining that "the Double Jeopardy Clause applies only to judicial proceedings, not to administrative proceedings" such as grievance proceedings held by prison authorities.") (citing Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir.1983); Sand v. Bogan, 1994 WL 112862, at *2 (6th Cir. Mar. 31, 1994)). Therefore, Plaintiff has failed to state a claim for double jeopardy under the Fifth Amendment.

### 3. Inappropriate Supervision

In his Objections, Plaintiff clarifies that in the Amended Complaint, he is bringing claims against Brunsman and Mohr for "inappropriate supervision." (Doc. 9, at 3). Plaintiff claims that Brunsman and Mohr failed to investigate his contention that the

7

conduct report was falsified due to "a custom or unwritten policy of protecting and covering for one another." (Id.) The Court notes that this is a variation on the claim already addressed by the Magistrate Judge. As the Magistrate Judge noted, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). The Magistrate Judge's conclusion that Plaintiff has failed to state a claim based on the failure to investigate is not altered by the naming of Brunsman and Mohr in place of LeCI or ODRC. Therefore, the Court finds that Plaintiff has not stated a constitutional violation based on "inappropriate supervision."

### III. Conclusion

Based on the foregoing, the Magistrate Judge's R&Rs (Docs. 3 and 13) are **ADOPTED** in their entirety. Accordingly, the Court **ORDERS** as follows:

1. Defendants John Buckhalter, Thomas Koontz, Dora Yalange, Lora Satterthwaite, Timothy Brunsman, Gary Mohr, Lebanon-Correctional Institution, and Ohio Department of Rehabilitation and Corrections are **DISMISSED** as parties in this case.
2. Plaintiff's Fifth Amendment claim is **DISMISSED**.
3. Plaintiff's Eighth Amendment excessive use of force claim against Defendant William Gregg and claim of deliberate indifference against Officer J. Murray #437 remain pending.

**IT IS SO ORDERED**.

                                       */s/ Michael R. Barrett*
                                       United States District Judge