UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lorenzo Harrison,

       Plaintiff,

                                                    Case No.: 1:12-cv-05

v.

                                                    Judge Michael R. Barrett

William Gregg, et al.,

       Defendant.

**<u>OPINION & ORDER</u>**

This matter is before the Court on the Magistrate Judge's September 24, 2013 Report and Recommendation ("R&R"). (Doc. 44).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[1]  Plaintiff filed Objections (Doc. 50.) and Defendants filed a Response to Plaintiff's Objections (Doc. 56).

Also before the Court is Plaintiff's Motion for Leave to Amend/Add Parties. (Doc. 54.) Defendants have filed a Response in Opposition. (Doc. 58.) Plaintiff did not file a reply.

For the reasons stated below, the Court OVERRULES Petitioner's Objections and ADOPTS the Magistrate Judge's September 24, 2013 R&R in its entirety; and DENIES Plaintiff's Motion for Leave to Amend/Add Parties.

---

[1] A Notice was attached to the Report regarding objections. (Doc. 44.)

1

I.     **Background**

Plaintiff, an inmate formerly incarcerated at the Lebanon Correctional Institution ("LeCI"), Ohio, proceeds *pro se* in this matter. In his Amended Complaint, Plaintiff brings claims under 42 U.S.C. §1983, alleging violations of the Eighth Amendment. The only remaining Defendants are William Gregg and Josh Murray, who are correctional officers at LeCI. The Magistrate Judge provided a complete and detailed recitation of the facts in this case. The same will not be repeated here except to the extent necessary to address Plaintiff's Objections.

According to Plaintiff, on June 12, 2011, Plaintiff was seated on his bunk inside his cell. Plaintiff claims that Gregg entered Plaintiff's cell, sprayed him with mace, and physically assaulted him until other staff members arrived. Plaintiff claims that Murray stood in the doorway of his cell, but did not enter his cell to intervene or protect Plaintiff. Plaintiff claims he was then put in handcuffs and taken to the infirmary, where he was forced face down on an exam table and was assaulted by additional unidentified staff members.

According to Gregg and Murray, the incident began when Plaintiff became argumentative after Gregg ordered him to return to his cell. Plaintiff does not necessarily dispute that he was verbally resistant, but argues that this fact is irrelevant and there is nothing he could have said which would have "warranted such a brutal beating."[2] Gregg and Murray claim that they escorted Plaintiff back to his cell, and after Plaintiff entered his cell, he blocked the cell door open with his foot. Gregg claims that

---

[2]According to a written statement of Plaintiff's testimony during the Rules Infraction Board hearing, Plaintiff reportedly testified: "I did get verbally loud but returned to my cell." (Doc. 43-1.) Plaintiff claims that this statement is false and leaves out "everything I said." (Id.)

2

he decided to issue a Conduct Report and that it would be necessary to take Plaintiff into custody. Gregg explains that he deployed a short burst of pepper spray in Plaintiff's face and then he entered Plaintiff's cell. Gregg claims that he then used a balance displacement technique to take Plaintiff to the ground. Defendants claim that Plaintiff landed on his back, and then kicked Gregg in the stomach. Plaintiff does not dispute that he kicked Gregg.

However, Plaintiff disputes Gregg and Murray's versions of what happened next. As proof that Defendants' versions are false, Plaintiff argues that Gregg and Murray's "original cover-up story" was that after Gregg placed Plaintiff on the ground, Murray took Plaintiff by the right arm and rolled him over onto his stomach. Plaintiff argues that after Gregg heard the testimony of independent witnesses, Gregg changed his story. Plaintiff points to Gregg's affidavit, in which Gregg states that after he placed Plaintiff on the ground, "Officer Murray then took a hold of Inmate Harrison, placed him face-down on his stomach and chest, partially on his bunk and partially on the floor." (Doc. 36, Ex. F, ¶ 9.)

The Magistrate Judge assumed that Plaintiff was bringing his claims against Defendants in their official capacity, but found that Plaintiff's claims are barred by the Eleventh Amendment. The Magistrate Judge also found that Defendants were entitled to qualified immunity from Plaintiff's claims against Defendants in their individual capacity.

**II.  Analysis**

  **A. Standards of Review**

When objections to a magistrate judge's report and recommendation are

received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

**B. Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend. XI. Ohio has not waived its Eleventh Amendment immunity from state law claims for money damages against the Ohio Department of Rehabilitation and Corrections. *Turker v. Ohio Dept. of Rehab. and Corr.*, 157 F.3d 453, 456-57 (6th Cir. 1998). As the Magistrate Judge explained, the only type of relief Plaintiff is seeking is money damages, and therefore Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment.

4

Plaintiff does not address this point in his Objections. However, this Court finds that there is no error in the Magistrate Judge's conclusion, and adopts the recommendation that Defendants are entitled to summary judgment on Plaintiff's claims against Defendants in their official capacity.

### C. Qualified immunity

Plaintiff argues that there are material factual disputes which prevent this Court from deciding whether Gregg and Murray are entitled to qualified immunity. Plaintiff has submitted his own sworn affidavit along with his Objections. (Doc. 50, at 7.) Plaintiff explains that he has not submitted other evidence because the Magistrate Judge denied his request to conduct discovery. Plaintiff also faults the Ohio Attorney General for failing to conduct any investigation of his case. Finally, Plaintiff disputes that the LeCI Use of Force Committee investigated the incident.

Addressing the discovery issue first, the Court notes on May 2, 2013, the Magistrate Judge granted Plaintiff's request for an extension of time pursuant to Federal Rule of Civil Procedure 6(b) for Plaintiff to obtain affidavits from his witnesses and file a response to Defendants' Motion for Summary Judgment. (Doc. 42.) However, the Magistrate Judge denied Plaintiff's request pursuant to Rule 56(d) for additional discovery or any request to modify the Calendar Order. (Id.) The Magistrate Judge noted that "Plaintiff had six months after the Calendar Order was issued and prior to the discovery cut-off to conduct discovery, but he apparently served no discovery requests during that time." (Id.) The Magistrate Judge noted that Plaintiff has not offered a valid justification for failing to conduct discovery during this time period and had not set forth "specified reasons" why he cannot present facts essential to justify his opposition to

5

Defendants' Motion for Summary Judgment as required by Rule 56(d). (Id.) The Court notes that even though Plaintiff was granted an extension of time to obtain affidavits, he apparently did not do so. It was not until Plaintiff filed his Objections did he provide his own sworn affidavit.

Turning to the issue of qualified immunity, Plaintiff does not object to the Magistrate Judge's legal conclusion as to whether Defendants are entitled to qualified immunity. Plaintiff only objects to the Magistrate Judge's factual conclusions.

Specifically, Plaintiff argues that there is a dispute as to whether he blocked the cell door with his foot and whether he was sitting on his bunk when he was assaulted by Gregg.

While Plaintiff has now submitted an affidavit in which he states that he was sitting on his bunk when Gregg came into his cell and sprayed mace in his face (Doc. 50-1, ¶¶ 5-6), Plaintiff's affidavit says nothing about whether he blocked the cell door with his foot. Therefore, the Magistrate Judge's finding that there was no genuine issue of fact on this point remains unchallenged. Similarly, there is nothing in the affidavit about whether Plaintiff kicked Gregg in the stomach.

Moreover, as the Magistrate Judge noted, the medical records in evidence show no discernible injury to Plaintiff, and therefore Defendants' actions constituted a *de minimus* use of force. Plaintiff has not provided any evidence which would contradict the medical records, which show that Plaintiff only suffered a small cut and complained of burning in his eyes from the mace.

Therefore, the Court concludes that there is no error in the Magistrate Judge's conclusion that Gregg and Murray are entitled to qualified immunity.

6

D. **Motion for Leave to Amend**

Plaintiff seeks to amend his Amended Complaint to add claims against Jody Sparks, Lieutenant A. Conn, Corrections Officer Gonzalez, Corrections Officer M. Page and Corrections Officer G. Humphrey. (Doc. 54.) Plaintiff claims that Sparks forcefully slammed him into a wall and then down on the ground while he was handcuffed. Plaintiff claims that Sparks then dragged him to the infirmary, forced him to lay face-down on the examination table and began to strike Plaintiff with his balled fists. Plaintiff claims that after this incident, all the defendants named in the proposed amendment conspired to falsify reports to cover up the actions of Gregg, Murray and Sparks.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires." However, leave will be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), that is, when it fails to state a claim on which relief may be granted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

The Court notes that the names of the defendants named in the proposed amendment—with one exception—appeared in the Use of Force documents attached to Defendants' Motion for Summary Judgment. (*See* Doc. 36.) Defendants' Motion was filed on March 8, 2013. Therefore, at the very latest, Plaintiff had in his possession the names of these proposed defendants nine months before filing his Motion for Leave to

7

Amend on December 11, 2013.  (Doc. 54.)  Plaintiff fails to provide any justification for his delay in seeking an amendment.  While the name of Lieutenant Conn does not appear in these documents, the allegations involving Conn in the proposed amendment are limited to one paragraph, which states that Conn "conspired to falsify reports regarding the incident in order to aid in the covering up or hiding the malicious actions of defendants William Gregg, Joshua Murray and Lieutenant Jody Sparks."  (Id., ¶ 3.)

The Court finds that to the extent that the proposed amended complaint seeks to add a claim that these proposed defendants conspired to falsify reports regarding the incident, Plaintiff fails to state a claim.  To prevail on a civil conspiracy claim under § 1983, a plaintiff must show that (1) a "single plan" existed, (2) a co-conspirator "shared in the general conspiratorial objective" to deprive the plaintiff of his constitutional (or federal statutory) rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff.  *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.1985)).

While *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys, *pro se* plaintiffs must still satisfy the pleading requirements set forth in *Twombly* and *Iqbal*.  *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Twombly/Iqbal* standard applies to review of prisoner complaints under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) for failure to state a claim).  Accordingly, while the complaint need not contain detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (2007)). A complaint must offer more than naked assertions devoid of factual enhancement. *Twombly*, 550 U.S. at 557. Plaintiff's allegations in his proposed amendment do not meet this standard.

In addition, the Court finds that Plaintiff's unexplained addition of these parties at this stage in the proceedings would be prejudicial to the proposed defendants. *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

To the extent that Plaintiff seeks to add a claim of excessive force against Sparks, the Court finds that any attempt to add this claim against Sparks would be futile.[3] The incident which forms the basis of Plaintiff's claims occurred on June 12, 2011. A two-year statute of limitations applies to § 1983 claims in Ohio. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Plaintiff did not file his Motion for Leave to Amend until December 11, 2013. Therefore, the amendment is untimely and Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 15(c) which allows the claim to relate back to the original complaint where:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[3] The Court notes that in his affidavit, Plaintiff states that Conn was one of the lieutenants who beat him while he was lying face down in the infirmary. (Doc. 50-1, ¶ 8.) However, even if the Court would construe this allegation as being part of the proposed amendment, the amendment would be still be futile because the statute of limitations for the claim against Conn has expired. For the same reasons that the excessive force claim against Sparks does not relate back, the claim against Conn also does not relate back.

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

In his Amended Complaint, Plaintiff alleged that once he was placed in handcuffs, he was assaulted by an "unseen group of staff members." "Replacing a 'John Doe' defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013) (citing *Smith v. City of Akron*, 476 Fed.Appx. 67, 69 (6th Cir. 2012)).  However, the Sixth Circuit has held that "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)." *Brown*, 517 F. App'x at 433–34 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)).  Therefore, any attempt to add a claim of excessive force against Sparks would be futile because it is barred by the statute of limitations.

### III. Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's September 24, 2013 R&R (Doc. 44) is adopted in its entirety;
    a. Defendants' Motion for Summary Judgment (Doc. 36) is GRANTED;
    b. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order adopting the R&R would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997);
2. Plaintiff's Motion for Leave to Amend/Add Parties (Doc. 54.) is DENIED;

and

3. This matter is CLOSED and TERMINATED from the docket of this Court.

**IT IS SO ORDERED**.

                                              */s/ Michael R. Barrett*
                                              United States District Judge

Case: 1:12-cv-00005-MRB-KLL Doc #: 61 Filed: 03/27/14 Page: 11 of 11  PAGEID #: 415